```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF SOUTH CAROLINA
                      AIKEN DIVISION
                CASE NO. 1:17-CR-777-JMC-22

UNITED STATES OF AMERICA,              MAY 17, 2019
                                       11:05 A.M.
                Plaintiff,



    vs.



PATRICIA SHERLOCK,

                Defendant.        PAGES 1 THROUGH 12
_____

                 TRANSCRIPT OF SENTENCING
           BEFORE THE HONORABLE J. MICHELLE CHILDS
                UNITED STATES DISTRICT JUDGE


APPEARANCES:


FOR THE PLAINTIFF:    Mr. James H. May, AUSA
                      OFFICE OF U.S. ATTORNEY
                      1441 Main Street
                      Suite 500
                      Columbia, SC 29201


FOR THE DEFENDANT:    Mr. Joseph J. Watson, Esq,
                      JOE WATSON LAW OFFICE
                      650 E. Washington Street
                      Greenville, SC 29601


STENOGRAPHICALLY      Ms. Carly L. Horenkamp, RDR, CRR, CRC
REPORTED BY:          Official Court Reporter
                      U.S. DISTRICT COURT
                      901 Richland Street
                      Columbia, SC 29201
                      954.557.5504
```

11:05  1      (Open Court, 11:05 a.m.)
2              THE COURT: The next case.
3              MR. MAY: Yes, Your Honor. The next case is United
4      States of America versus Patricia Sherlock. It's Criminal
5      No. 1:17-777. We're here for a sentencing. The presentence
6      report has been prepared. There are no objections, to my
7      knowledge, and the government I believe can expedite this once
8      you go over the presentence report with defense.
9              THE COURT: Okay. All right. Ms. Sherlock, please be
10     sworn in.
11                  PATRICIA SHERLOCK, DEFENDANT, SWORN
12             THE COURT: Ms. Sherlock, have you had the opportunity
13     to go over your presentence investigation report with your
14     attorney?
15             THE DEFENDANT: Uh-huh.
16             THE COURT: Okay. And I need you to say yes or no.
17             THE DEFENDANT: Oh, yes, yes.
18             THE COURT: Okay. And that their -- you will have
19     indicated that you don't disagree with the facts and you don't
20     disagree with the law as set out there. Is that what you
21     understand?
22             THE DEFENDANT: Yes.
23             THE COURT: And the attorney does represent that as
24     well?
25             MR. WATSON: Yes, ma'am. Can I just put something on

11:06  1   the record?

2          THE COURT:  Sure.

3          MR. WATSON:  Sloan Ellis was retained by Ms. Sherlock
4   to represent her.  He represented her through the guilty plea.
5   As the Court knows, he's gone on to the U.S. Attorney's Office.
6   I have taken over three cases for him, one I've already done in
7   front of Your Honor, and then the two today.  But I have met
8   with her probably four or five times, we have been over the
9   presentence report, we've been over the variance issues, I
10  think we've had plenty of time to meet and she understands
11  everything.

12         THE COURT:  Okay. Thank you.  You pled guilty to
13  conspiracy to commit wire and mail fraud and you did so
14  pursuant to the terms of a written plea agreement which the
15  Court adopts.  Do you understand that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Okay.  So your base offense level under
18  the federal sentencing guideline calculation is that your loss
19  exceeds $550,000, but does not exceed $1.5 million, and so
20  therefore your base offense level in this case is a 20.  You
21  got two levels of credit back for accepting responsibility and
22  admitting your behavior and then another level for entering a
23  timely guilty plea, giving you a total offense level of 17.
24  For that offense level, with a criminal history category of I,
25  the guidelines suggest that you not be eligible for probation,

11:07  1  but then you would be in Zone D.  I'm sorry, probation, help me
2  with the recalculation, then, because she would be...
3         PROBATION OFFICER:  Could you say it one more time?
4         THE COURT:  Yes.  I'm sorry.  Her total offense level
5  now is a -- what did I say? -- 17, but in the report it's
6  listing it as a 19, which is where we start based on the
7  negotiations, correct?
8         MR. MAY:  Yes, Your Honor.
9         PROBATION OFFICER:  Correct.
10        THE COURT:  Okay.  So then the criminal history
11  category is a I.  You are not eligible for probation.  In other
12  words, the guidelines recommend Zone D, for a period of
13  incarceration of 30 to 37 months' imprisonment, followed by one
14  to three years of supervised release.  No fine calculated due
15  to your inability to pay.  Your restitution amount owed
16  is $308,247 and then a $100 special assessment fee.  Is that
17  what you understand?
18        MR. WATSON:  Yes, ma'am.
19        THE DEFENDANT:  Yes.
20        THE COURT:  All right. Government, I'll hear from you
21  first.
22        MR. MAY:  Your Honor, when we look at Ms. Sherlock,
23  she appears to very closely mirror Ms. Ann Sherlock who the
24  Court just sentenced.  I believe that in considering her crime,
25  and when we look at her crime very briefly for the record, in

11:09  1   applying 3553(a), we have a continuous crime that includes
       2   finance fraud, life insurance fraud, it appears that there's
       3   some structuring, as well as tax fraud.  Your Honor, but when
       4   we look at what the Court just did with Ms. Sherlock
       5   previously, that being Ann Sherlock, with Ms. Patricia
       6   Sherlock, I believe that to avoid unwarranted sentencing
       7   discrepancies, taking into consideration her age, that a
       8   similar sentence is appropriate.
       9           And I believe that Mr. Watson, if the Court would be
      10   inclined to do that, has spoken with his client and she agrees
      11   to the same sentence if the Court is inclined to give such a
      12   sentence.
      13           THE COURT:  Is there any restitution that will be paid
      14   now?
      15           MR. WATSON:  Yes.
      16           THE COURT:  Okay.
      17           MR. WATSON:  May it please the Court, Your Honor.
      18           THE COURT:  Because that was part of that
      19   consideration, that we were actually getting the money.
      20           MR. WATSON:  As far as the restitution to the
      21   IRS, $9,647, I have that money in escrow and I have a check
      22   ready to pay that today.
      23           MR. MAY:  There's -- just for the Court's and just so
      24   that way that we don't get hung up as we're reading the
      25   sentence, it appears that there is additional restitution, that

11:10   1   just an order of restitution be made.

2   THE COURT: Okay.

3   MR. WATSON: Okay.

4   THE COURT: So she doesn't have any money toward the
5   other restitution that's related to the life insurance fraud.

6   MR. WATSON: I do not have that today, Judge. The
7   only thing I would mention about that restitution, and it was
8   not in the form of any kind of objection to the presentence
9   report, but I did put it in my variance, there was a $300,000
10  policy that was paid to -- the fraud was -- she was listed as a
11  sister, when she filed for it she claimed it as a cousin, it
12  was a $300,000 payout. They actually paid almost $138,000 in
13  premiums on that. I would suggest the actual restitution
14  figure is probably closer to $162,000 than to 300. I don't
15  think it changes guidelines or anything like that.

16  MR. MAY: No objection.

17  THE COURT: Okay. So restitution now being $168,000?

18  MR. WATSON: Actually, my calculation, Judge,
19  is $161,991.44.

20  THE COURT: Okay. Based on the amount of premiums
21  actually paid.

22  MR. WATSON: Yes, Your Honor.

23  THE COURT: Okay. Any --

24  PROBATION OFFICER: I'm sorry, is that in addition to
25  the 8,000?

11:11   1              THE COURT:  In addition to the $9,647.
         2              MR. WATSON:  In addition to the $9,647.
         3              PROBATION OFFICER:  Okay.
         4              THE COURT:  Okay.  All right.  Anything else you'd
         5      like to add?
         6              MR. WATSON:  I want to encourage the Court to go on
         7      with the agreement.  She is almost 67 years old.  She's married
         8      to Eddie Sherlock.  They have three adult children.  Like most
         9      Travelers, she's never worked, she's only worked in the home.
        10      She left school when she was in fifth grade.  She was married
        11      at age 14.  There are just a couple of medical issues that I
        12      think would maybe support the three-month sentence.  Since this
        13      presentence report -- the presentence report mentioned some of
        14      the issues, but since the report she's actually been seen by an
        15      orthopedist.  She's been diagnosed and treated for severe
        16      osteoarthritis in her knee.  She has a valgus deformity.  She
        17      takes cortisone shots.  She is simply putting off a knee
        18      replacement that will come in the future.  Ever since I've
        19      known her she has walked with a limp.
        20              The other thing, Judge, is she has, and I think it's
        21      mentioned in the report, bladder irrigation tubing that is in
        22      her that needs to be removed every three months and cleaned.
        23      Again, that is there to prevent what would eventually be
        24      surgery, female surgery, if you will.
        25              Other than that, Judge, you know, we're ready to pay

11:13  1   restitution. For all the reasons that I put in my variance,
2   I'd ask that you go along with the three months.
3          THE COURT: Okay. All right. And then Ms. Sherlock,
4   is there anything you'd like to state?
5          THE DEFENDANT: Your Honor, I take full responsibility
6   of my actions. I am truly sorry. I'm truly sorry. I
7   apologize to the Court and I apologize for everything I have
8   done and I thank Mr. Watson for all of his help. (Crying.)
9          THE COURT: Okay. Thank you. All right. So you are
10  before the Court because you did plead guilty to conspiracy to
11  commit mail and wire fraud. You are identified as a
12  participant in a conspiracy for the purpose of defrauding the
13  U.S., financial institutions, lenders, insurance companies,
14  et cetera.
15         She's fine if she needs to sit.
16         And basically you presented lots of materially false
17  information that has led to the defraud of these various
18  institutions that got you life insurance policies, benefits
19  that you weren't entitled to the proceeds, as well as food
20  stamp benefits and tax fraud.
21         You have no prior criminal history. I understand that
22  you reside with your husband, you're married, three children,
23  apparently 67 years old. You're reported as being in fair
24  physical health, though you suffer from certain conditions and
25  are on certain medication.

11:14  1            You don't have any history or current use of any
      2   illicit drugs or alcohol.  You also deny any mental and
      3   emotional health issues.  Having calculated the sentencing
      4   guidelines and following the sentencing factors and also being
      5   concerned about disparate sentencing, giving consideration for
      6   your age, and then I really don't believe that you would be
      7   back before the Court in this regard, you'll be committed to
      8   the custody of the Bureau for a period of 90 days.  Your
      9   restitution amount is $9,647 even.  Is that correct?
     10            MR. WATSON:  Yes, ma'am.
     11            THE COURT:  That's for the IRS portion.  And then we
     12   have the additional $161,991.44, which will be for the life
     13   insurance proceed portion.  The Court did give consideration to
     14   the amount of premiums paid in to reduce that amount.  You
     15   don't have the ability to pay a fine.  Therefore, your fine is
     16   waived, but you'll owed the $100 special assessment fee.
     17            Is there an order of forfeiture in place here?
     18            MR. MAY:  Your Honor, I -- is there?
     19            COURTROOM DEPUTY:  It is.
     20            THE COURT:  Okay.
     21            MR. MAY:  Then yes.
     22            THE COURT:  Let it remain?
     23            MR. MAY:  It will remain, but we'll apply whatever the
     24   Court orders as the -- I'm sorry, I'm just trying to think
     25   through this to make it the easiest for everybody.

11:16  1          Your Honor, we move to dismiss the order of
      2  forfeiture, seeing as there's restitution ordered and the
      3  restitution which should suffice for any forfeiture in this
      4  case.
      5          THE COURT:  Okay.  Motion granted.  Once you're
      6  released from imprisonment, you'll be placed on supervised
      7  release for two years.  And while on that time, to the extent
      8  that you have any life insurance policies, then probation will
      9  ask for those, make sure that those are not fraudulent, and
     10  then any remaining balance on your restitution you'll pay at a
     11  rate of no less than $100 per month and that begins within 30
     12  days after imprisonment.
     13          You'll also not open any additional lines of credit
     14  and then probation will have access to all of your financial
     15  information, to include tax returns and bank statements.
     16          You did sign an appellate waiver in your plea
     17  agreement, so you waive the right to contest the conviction or
     18  the sentence, but do not waive the right to appeal with respect
     19  to prosecutorial misconduct, ineffective assistance of counsel,
     20  or any changes in the law that actually benefit you.  If you
     21  wish to appeal, you need to do so timely.  Do you understand
     22  that?
     23          THE DEFENDANT:  Yes, Your Honor.
     24          THE COURT:  Okay.  Mr. May, did you have something?
     25          MR. MAY:  No objection, Your Honor.

```
11:17    1                THE COURT:  No objection to the form?
         2                MR. WATSON:  No, ma'am.
         3                THE COURT:  Okay.  I find it sufficient but not
         4     greater than necessary to achieve the sentencing factors.
         5                MR. MAY:  Thank you, Your Honor.
         6                THE COURT:  Good luck.
         7                MR. WATSON:  Thank you, Your Honor.
         8                THE DEFENDANT:  Thank you, Your Honor.
         9                THE COURT:  Okay.
        10           (Proceedings concluded at 11:17 a.m.)
        11                            *  *  *  *  *
        12
        13
        14
        15
        16
        17
        18
        19
        20
        21
        22
        23
        24
        25
```

```
1   UNITED STATES OF AMERICA                           )
                                                       ) ss:
2   DISTRICT OF SOUTH CAROLINA                         )

3

4                       C E R T I F I C A T E

5       I, Carly L. Horenkamp, Certified Shorthand

6   Reporter in and for the United States District Court for the

7   District of South Carolina, do hereby certify that I was

8   present at and reported in machine shorthand the proceedings

9   had the 17th day of May, 2019, in the above-mentioned court;

10  and that the foregoing transcript is a true, correct, and

11  complete transcript of my stenographic notes.

12      I further certify that this transcript contains

13  pages 1 - 12.

14      IN WITNESS WHEREOF, I have hereunto set my hand at

15  Columbia, South Carolina, this 9th day of July, 2019.

16

17
                            /s/ Carly Horenkamp
18
                            Carly L. Horenkamp, RDR, CRR, CRC
19                          Certified Shorthand Reporter
```